UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARCUS T STRINGER #95301      CIVIL ACTION NO. 21-cv-3914

VERSUS      JUDGE ELIZABETH E. FOOTE

DEPUTY SEAY      MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Marcus T. Stringer ("Plaintiff") is a self-represented inmate housed at the Caddo Correctional Center. He alleged in this complaint—which is one of 13 he filed between September 2021 and July 2022—that Deputy Crystal Seay wrongfully kicked him and did not summon medical assistance. Before the court are competing motions for summary judgment (Docs. 14 & 16). For the reasons that follow, it is recommended that Plaintiff's motion be denied and that Defendant's motion be granted.

### The Allegations

Plaintiff commenced this action by filing a single page of paper in which he alleged that he was in A dorm, cell no. 2, on July 5, 2021 when Deputy Seay came to his cell and told him to take down a sheet that was hanging in his cell. Plaintiff alleged that he refused because he was using the sheet to cover himself from other inmates. He alleged that Deputy Seay took it upon herself to enter the cell, grab the sheet, and kick Plaintiff in the groin. Plaintiff alleged that he "went to medical" for the kicking and was told that the left side of his groin was swelling.

The court required Plaintiff to file his complaint on the appropriate form for prisoner civil rights complaints. Plaintiff did so (Doc. 4), and in that filing he alleged that the incident happened on July 18, 2021 when Deputy Seay entered his cell to take his sheet and kicked him "in my colostomy bag that's on my stomach." Plaintiff alleged that he begged for help but did not get any.

**Summary Judgment Burdens**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A fact is "material" if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Anderson, supra; Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

This case presents the typical situation in which the defendant has moved for summary judgement, but it also presents the less common motion by a plaintiff for summary judgment. Plaintiff, to prevail on his motion, must present evidence that would

entitle him to judgment as a matter of law if it went uncontroverted at trial. International Shortstop, Inc. v. Rally's, Inc., 939 F.2d. 1257, 1264 (5th Cir. 1991). When assessing the plaintiff's motion, all facts and inferences are viewed in the light most favorable to the defendant, and all reasonable doubts are resolved in the defense's favor. Puckett v. Rufenacht, Bromagen & Hertz, Inc., 903 F.2d 1014, 1016 (5th Cir. 1990).

**The Summary Judgment Evidence**

Plaintiff's motion for summary judgment (Doc. 14) is not supported by any competent evidence, but Plaintiff urges that video of the incident will show what Deputy Seay did to him. He alleged in his motion that Deputy Seay entered his cell and tried to grab his sheet, but she kicked him "in my stomach where my bag was at and I layed on the floor bleeding asking for help" from the nurses.

Deputy Seay responded with competent summary judgment evidence. Her declaration made pursuant to 28 U.S.C. § 1746 states that she was assigned to Housing Unit F on July 18, 2021. Deputy Seay states, under penalty of perjury, "I did not kick Marcus Stringer or use any force. I did not touch his stomach or his colostomy bag. I was not aware of any request for medical treatment by the inmate."

Seay's motion is also accompanied by a declaration from the facility's health services director, and she attached copies of Plaintiff's medical records for the week before and the week after July 18, 2021. The records do not reflect any complaints made on July 18. They do show that on July 16 Plaintiff complained of "bad body problems," and he was sent to Ochsner LSU Hospital on July 17. He was also seen on July 19 with a report

of discharge of a clear substance from his rectum, which was noted to be normal for his health condition. There was no complaint of any injury to the site of his colostomy bag.

Deputy Seay's motion is also accompanied by a declaration from Captain Sharon Piggs, who attaches a true and correct copy of the video of the interaction between Deputy Seay and Plaintiff on July 18, 2021. The video is approximately one minute long. It depicts a female correctional officer, apparently Deputy Seay, approach cell number two. The door opens briefly, and the inmate inside appears to place something on the floor outside the cell. Presumably this is the sheet at issue. The door is then closed, and another inmate carries away the sheet or item. Deputy Seay then returns to the door, which was opened slightly for a few seconds, as if a conversation were taking place, and the door was closed. Seay then left the area. The video does not indicate that Seay ever entered the cell or made any observable contact with the inmate inside during any of the recorded interaction. There is certainly no indication of kicking or that the inmate inside was injured in any way.

**Analysis**

Neither the complaint nor Defendant's motion states whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the incident. Accordingly, it will be assumed that plaintiff was a pretrial detainee, which status may entitle him to a lesser burden to establish certain claims. The claims of a pretrial detainee are governed by the Due Process Clause, rather than the Eighth Amendment that applies to claims by convicted prisoners. Baughman v. Hickman, 935 F.3d 302, 306 (5th Cir. 2019) ("The Eighth Amendment ensures the safety of convicted prisoners while due process under the Fourteenth Amendment protects pretrial detainees.").

To prevail on a claim of excessive force, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015). Objective reasonableness turns on the facts and circumstances of each particular case, and a court must make the determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight. Id.

To succeed on a claim of failure to provide medical care, a detainee must establish that law enforcement responded to the detainee's serious medical needs with deliberate indifference. Williams v. City of Yazoo, __ F.4th __, 2022 WL 2762707, **4-5 (5th Cir. 2022). To prove deliberate indifference, the detainee must show that a defendant "knew that he faced a substantial risk of serious harm and failed to take reasonable measures to abate that risk." Id. at *5. The knowledge inquiry is subjective, and the reasonableness question is objective. Id.

Deputy Seay met her burden of presenting evidence that demonstrates the absence of a genuine dispute of material fact with respect to an excessive force or medical indifference claim. The burden then fell to Plaintiff to demonstrate the existence of a genuine dispute of a material fact. Plaintiff presented nothing in support of his motion or in response to Seay's motion, so he has not met his burden. The only competent summary judgment evidence, that presented by Deputy Seay, does not allow a finding that excessive force was used against Plaintiff or that Seay was deliberately indifferent to his serious medical need. Deputy Seay is entitled to summary judgment on the merits. Jones v. Anderson, 721 Fed. Appx. 333 (5th Cir. 2018) (affirming summary judgment on prisoner's

excessive force claim when he presented no competing competent evidence); Turner v. Baird, 707 Fed. Appx. 290 (5th Cir. 2017) (affirming summary judgment on prisoner's various claims when the only competent evidence came from the defendants).

Plaintiff also complained in his motion that Deputy Seay violated a "deputy rule book" by entering his cell alone rather than calling for backup. The video evidence does not indicate that Seay entered the cell. Moreover, Plaintiff's claims rest on 42 U.S.C. § 1983, which requires that he show a defendant violated federal laws or the Constitution. The statute does not permit a remedy for the mere violation of prison policies. Scheidel v. Secretary of Public Safety & Corrections, 561 Fed. Appx. 426 (5th Cir. 2014) ("violations of prison rules do not alone rise to the level of constitutional violations and, therefore, such claims are not actionable under § 1983."); Sylvester v. Cain, 311 Fed. Appx. 733, *2 (5th Cir. 2009) ("violations of state law and prison regulations, without more, do not state a viable constitutional claim under § 1983"). Accordingly, any claim based on an allegation of violation of jail policy should also be dismissed.

Accordingly,

It is recommended that Plaintiff's Motion for Summary Judgment (Doc. 14) be denied. It is further recommended that Defendant's Motion for Summary Judgment (Doc. 16) be granted and that all claims against Deputy Seay be dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of July, 2022.

Mark L. Hornsby
U.S. Magistrate Judge